# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

YOLANDA PARKER, et al.,

    Plaintiffs,

vs.                                               No. CIV 99-574 LCS

GENERAL MOTORS CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant's Motion for Order Directing that This Case Not Proceed as a Class Action *(Doc. 13)*, filed September 14, 1999. The Court has reviewed the motion, the memoranda of the parties, and the relevant law, and heard the oral arguments of the parties at a hearing on September 28, 1999. The Court finds that the motion is well taken in part and will be granted in part.

I.  Background

Plaintiff brings this lawsuit seeking damages for wrongful death, as well as declaratory and injunctive relief to require Defendant to install internal trunk release mechanisms on General Motors vehicles manufactured from 1987 through 1997. According to the Amended Complaint, Plaintiff's six-year-old daughter, Christina Rohan, was accidentally locked in the trunk of a 1987 Pontiac Grand Am, along with three of her young playmates. Because there was no trunk release mechanism, all four children died from hyperthermia. Plaintiff alleges that all General Motors automobiles without internal trunk release mechanisms are defective because of the risk of

entrapment. Plaintiff seeks to bring a class action on behalf of all persons in the United States who own 1987-1997 General Motors vehicles that were manufactured without interior trunk release latches. Plaintiff expressly disclaims any intent to recover for any personal injuries suffered by putative class members, seeking only declaratory and injunctive relief for those individuals and entities.

Defendant seeks an order under either Federal Rule of Civil Procedure 16(e) or 23(d)(4) directing that this action not proceed as a class action. The basis of Defendant's motion is that Plaintiff cannot state a claim for which relief may be granted in her role as class representative. According to Defendant, injury or damage is an essential element of any of Plaintiff's alleged tort claims, and Plaintiff cannot allege damages on behalf of the class members. In response, counsel for Plaintiff argues that a declaratory judgment can be entered without a showing of damages, and injunctive relief may be provided under the federal Declaratory Judgment Act as an additional remedy.

II.  Analysis

The basis for Defendant's motion is the inability of the putative class members to state a claim for relief. Therefore, although Defendant asserts that it brings this motion under Rules 16(e) and 23(d)(4), I analyze this motion as a motion to dismiss brought under Rule 12(b)(6) for failure to state a claim for which relief may be granted. As such, the Court accepts the factual allegations in the Amended Complaint as true and draws all reasonable inferences in favor of Plaintiff. *See Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Dismissal of the class claims is only appropriate if "it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the class to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, provides in relevant part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Section 2202 of Title 28 provides that a court may grant further relief, if appropriate, based on a declaratory judgment. The Declaratory Judgment Act provides a procedure for obtaining relief, and does not confer substantive rights on any party. *See Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978). Because declaratory judgments are matters of procedural law rather than substantive law, the Court applies the federal Declaratory Judgment Act, rather than any analogous state declaratory judgment act, in diversity cases. *See Household Fin. Servs., Inc. v. Northern Trade Mortgage Corp.*, No. 99 C 2840, 1999 WL 782072 (N.D. Ill. Sept. 27, 1999) at *2; *cf. Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (state declaratory judgment act does not apply in a federal diversity action).

The Court conducts a two-stage process in determining whether to entertain a declaratory judgment action. *See Public Serv. Co. v. City of Albuquerque*, 755 F. Supp. 1494, 1496 (D.N.M. 1991). First, the Declaratory Judgment Act requires that there be "a case of actual controversy" present before a declaratory judgment may be entered. 28 U.S.C. § 2201(a). If this prerequisite is satisfied, the Court must then determine whether to exercise its discretion to hear the action. *See Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).

The basic inquiry in determining whether there is an actual controversy for Article III jurisdiction purposes is "whether the 'conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and

3

concrete, not hypothetical or abstract.' " *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), quoting *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945). For the purposes of the Declaratory Judgment Act, the fact that a liability may be contingent will not necessarily make the dispute any less definite and concrete. *See Allendale Mut. Ins. Co. v. Kaiser Engineers*, 804 F.2d 592, 595 (10th Cir. 1986).

Defendant argues that there is no case or controversy present as to the putative class action claims because Plaintiff cannot state a tort cause of action without alleging either personal injury or some other damages to the putative class members. Defendant is correct that under New Mexico law, as well as the law of every other U.S. jurisdiction, damages must be alleged in order to state a cause of action for strict product liability. *See, e.g., Tenney v. Seven-Up Co.*, 92 N.M. 158, 159, 584 P.2d 205, 206 (Ct. App. 1978); Restatement (3d) of Torts, § 1 (1998). Economic loss to the defective product itself is not recoverable in tort in most jurisdictions. *See* Restatement (3d) of Torts, § 21 cmt. d. Similarly, negligence actions require a showing of damages. *See, e.g., Tanuz v. Carlberg*, 122 N.M. 113, 116, 921 P.2d 309, 312 (Ct. App. 1996).

I conclude that Plaintiff's putative class claims do not present a justiciable case or controversy as they are presently stated. Plaintiff is not alleging that the putative class members have been damaged in any way, except that they possess a defective product. The allegedly defective product may or may not ever cause any damages to the putative class members. Plaintiff's complaint makes no allegations that any of the putative class members have paid General Motors to retrofit their vehicles and are seeking reimbursement. In fact, the injunctive relief sought by the class claims would appear to be of no benefit to those class members who have already paid to have their vehicles retrofitted with trunk releases. I find the lack of present

4

damages suffered by the putative class members to be an indication that any causes of action brought in tort do not yet constitute a "concrete and definite dispute" suitable for a declaratory judgment.

Even if this case does meet the constitutional minimum for a "case or controversy," this is not the type of case for which it would be suitable for the Court to exercise its discretion to entertain a declaratory judgment action. I note that most courts find declaratory judgments to be ill-suited in tort cases. *See United Ins. Co. v. Harris*, 939 F. Supp. 1527, 1531 (M.D. Ala. 1996); *Buchanan v. Greene*, No. Civ.A.97-2569-KHV, 1998 WL 184448, at *2 (D. Kan. Mar. 12, 1998). This type of declaratory judgment action would not necessarily serve a useful purpose in clarifying the legal relations between the parties, as issues such as whether the product is unreasonably dangerous may require an individualized factual inquiry. Plaintiff may also have alternative remedies (e.g., punitive damage awards) which are equally, or more effective, in motivating General Motors to take action.

Rule 23 of the Federal Rules of Civil Procedure presents Plaintiff with other difficulties that must be overcome before class certification can be entertained. In particular, I note that Plaintiff must establish commonality of the questions of fact and law applicable to the class, typicality of Plaintiff's claims, and superiority of a class action to other forms of adjudication.

Plaintiff does not seek class certification at this time. I note that at this early stage in the proceedings, an order forbidding Plaintiff from bringing class action claims may be premature. Nonetheless, it is appropriate that discovery proceed at this time, and that an order be entered in accordance with Rule 16(e) of the Federal Rules of Civil Procedure. In view of the fact that Plaintiff has not stated a cause of action that would entitle her to a declaratory judgment on the

class claims, discovery shall proceed only on Plaintiff's individual claims at this time.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Order Directing that This Case Not Proceed as a Class Action, filed September 14, 1999 *(Doc. 13)*, is **granted in part.** Discovery in this action shall proceed as if this action is a single plaintiff case. This does not preclude Plaintiff from moving for class certification, or discovery on class certification issues, at a later date.

IT IS FURTHER ORDERED that the following deadlines are hereby established:

1. Fact discovery shall conclude by June 1, 2000.

2. Plaintiff's expert reports shall be provided to Defendant no later than July 1, 2000.

3. Defendant's expert reports shall be provided to Plaintiff no later than September 1, 2000.

4. Plaintiff shall provide any reports related to rebuttal experts no later than October 1, 2000.

5. Retained expert discovery shall conclude by November 15, 2000.

6. Dispositive motions shall be fully briefed no later than January 1, 2001.

7. Plaintiff shall submit the pretrial order to Defendant no later than February 1, 2001.

8. The consolidated pretrial order shall be submitted to the Court no later than February 15, 2001.

9. This matter will come on for pretrial conference on March 1, 2001 at 10:30 a.m., and for call of the calendar, jury selection and jury trial on April 2, 2001, at the United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102. The

parties will be informed of the courtroom at a later date.

IT IS FINALLY ORDERED that a telephonic status conference will be held, before United States Magistrate Judge Leslie C. Smith, on Tuesday, January 11, 2000 at the hour of 8:30 a.m. at the United States Courthouse, suite 620, 333 Lomas Blvd. NW, Albuquerque, NM 87102, at telephone number (505) 348-2180. Defendant's counsel shall be responsible for coordinating and initiating the conference call in this removed case. A reliable long distance carrier is recommended to insure sound quality.

                                                                                       _____
                                                                                       Leslie C. Smith
                                                                                       UNITED STATES MAGISTRATE JUDGE