IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**YOLANDA PARKER, et al.,**

      Plaintiffs,

vs.                                              **No. CIV 99-574 LCS**

**GENERAL MOTORS CORPORATION,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiffs' Motion to Dissolve or, in the alternative, Modify Stipulated Confidentiality Order and Memorandum Support Thereof, filed on September 22, 2000 (Doc. 57). The Court, acting upon consent of the parties and designation pursuant 28 U.S.C. § 636, and having considered the submissions of the parties, relevant law, and being otherwise fully advised, finds the motion to be not well taken, and it shall be **denied.**

The Plaintiffs argue in their motion that the Confidentiality Order is "unnecessary and counterproductive" and should be dissolved in light of a recent statement made by an Executive Vice President of GM. (Pls.' Mem. at 2). The Plaintiffs also assert that if the Court is unwilling to dissolve the Confidentiality Order, the Order should be modified so as to allow the sharing of documents with Plaintiffs' counsel engaged in substantially similar litigation. (Pls.' Mem. at 3). The Defendant essentially argues that the Confidentiality Order covers a "broad spectrum of documents" and that the Order is necessary to protect GM's commercially sensitive information. (Def.'s Mem. at 2). The Defendant also argues that the Order has specific procedures for

1

declassification of confidential documents. (Def.'s Mem. at 4).

After reviewing the Confidentiality Order filed September 30, 1999, the Court believes that since the parties have stipulated as to the terms, a "deal is a deal" and the parties' actions are governed by the provisions laid out in the Order. The terms of the Confidentiality Order are clear in that it contains clauses for declassification and or modification. The Order states that "[a]ny party may . . . object to [a confidential] designation by notifying the producing party in writing. . . The parties shall confer within ten (10) days of such notice. . . If the parties are unable to resolve the dispute with respect to such material, the party objecting to the Confidential Material designation may request a hearing before the Court in order that a judicial determination can be made as to the status of the documents and items at issue." *See* Confidentiality Order at 5. The Order also has a modification provision that allows the parties to seek modification of the order. *See* Confidentiality Order at 5.

The Plaintiffs seek a general dissolution or modification of the Confidentiality Order. They do not specify particular documents that they would like GM to disclose. Since the Order specified a clear declassification course and both parties have agreed to the terms of the order, the Court feels that a overall dissolution of the Order is unnecessary. However, if there are certain disclosures that the Plaintiffs need to disseminate, but they cannot because of the Confidentiality Order, the Court is willing to review by motion any *discrete* and *insular* areas of discovery. The Court does not rule out any ground for the motion(s) including dissemination to counsel in other related cases.

WHEREFORE, IT IS ORDERED that Plaintiffs' Motion to Dissolve or, in the alternative, Modify Stipulated Confidentiality Order, filed on September 22, 2000 (Doc. 57) is **denied.**

_____
**Leslie C. Smith**
**UNITED STATES MAGISTRATE JUDGE**

F:\Amanda\Opinions\99-574 opn